LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 14-09173 (BRO) (SSx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | DCT 16218 ARTHUR LLC V. JLH ARTHUR PROPERTY LLC | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS)

## ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff DCT 16218 Arthur LLC initiated this lawsuit on November 26, 2014. (Dkt. No. 1.) The Complaint invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 1.) The Complaint alleges that Plaintiff "is a Delaware limited liability company whose members are entities located in Colorado" and that Defendant JLH Arthur Property LLC is a California limited liability company whose members are "individuals and entities located in California." (*Id.* ¶¶ 3–4.)

A federal court must determine its own jurisdiction even if there is no objection. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Federal courts are of limited jurisdiction, and jurisdiction exists only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court must dismiss a case if it lacks jurisdiction. *See Lance v. Coffman*, 549 U.S. 437, 439 (2007). Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. *See* 28 U.S.C. § 1332(a)(1). Under Ninth Circuit law, a limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

The Complaint's allegations are insufficient to demonstrate complete diversity and adequately invoke this Court's jurisdiction under § 1332(a)(1). With respect to Plaintiff's citizenship, the Complaint fails to adequately allege the citizenship of its members. That its members are "located in Colorado" does not establish they are citizens of Colorado.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-09173 (BRO) (SSx) | Date | December 4, 2014 |
|---|---|---|---|
| Title | DCT 16218 ARTHUR LLC V. JLH ARTHUR PROPERTY LLC | | |

If, for example, the member entities are corporations, then Plaintiff must allege the entities' states of incorporation and principal places of business.  28 U.S.C. § 1332(c)(1).  The Complaint's allegations regarding Defendant's citizenship are deficient for the same reason.

     Accordingly, Plaintiff is **ORDERED to show cause why this case should not be dismissed for lack of subject matter jurisdiction**.  An appropriate response to this Order must demonstrate Plaintiff and Defendant's citizenship as limited liability companies.  Plaintiff's failure to establish complete diversity will result in this matter's dismissal.  **Plaintiff is ordered to respond by December 15, 2014 by 5:00 p.m. or risk dismissal.**

     **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |